IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

SPIRIT AIRLINES, INC.,          Civil Action No: 00-71535

    Plaintiff,

v.

NORTHWEST AIRLINES, INC.,

    Defendant.
_____/

### PLAINTIFF SPIRIT AIRLINES, INC.'S NOTICE OF *NEW* POINTS AND AUTHORITIES IN DEFENDANT NORTHWEST AIRLINES' REPLY MEMORANDUM REGARDING SUMMARY JUDGMENT

Plaintiff Spirit Airlines, Inc., pursuant to the Federal Rules of Civil Procedure, submits this Notice to the Court of *new* points and authorities in Defendant Northwest Airlines, Inc.'s reply memorandum regarding summary judgment. Spirit is prepared to submit a surreply of no more than 7 pages addressing these new matters should the Court direct us to do so.

Northwest's reply memorandum raises a number of new arguments in support of its motion for summary judgment. Ordinarily, Spirit would have filed earlier a motion for leave to submit a surreply memorandum regarding these new matters. However, before Northwest even filed its reply memorandum, the Court issued its Order of August 20, 2002 denying Northwest's motion to re-depose Spirit employee Victoria Moreland. *See* Exhibit 1. Besides observing that Northwest had used its motion to obtain "free" argument on subjects raised in its summary judgment motion, *see* Order at 3 n. 1, the Court stated on page 2 that Northwest, as the movant, "has the 'last word' concerning any purported issues of fact identified in [Spirit's] response brief...." *Id.*[1] Based on that

---

[1] Northwest thus knew before it filed its reply memorandum that the Court would give it the last word on summary judgment.



KENNY NACHWALTER SEYMOUR ARNOLD CRITCHLOW & SPECTOR, P.A.

statement by the Court, Spirit refrained from moving to file a surreply responding to new points and authorities in Northwest's reply papers.

Spirit intends to be prepared to respond to Northwest's new arguments at the scheduled hearing on December 12, 2002. We thought it could be useful to the Court's preparation for the hearing for Spirit to identify the new points and authorities raised by Northwest in its reply so the Court can decide whether it wants Spirit to address any of these new issues in a surreply before the hearing.

The new points and authorities raised by Northwest in its reply memorandum in support of its motion for summary judgment are identified below by page number in Northwest's reply and Northwest's new case(s), argument or fact:

| *Page (and ftn)* | *The New Argument, Fact Or Authority In Northwest's Reply Which Spirit Disputes* |
|---|---|
| Page 1, ftn 1 | Spirit disputes that predatory pricing is the only allegation of exclusionary conduct it has alleged. |
| Page 1, ftn 2 | Spirit does dispute facts set forth by Northwest about DTW-PHL and DTW-BOS and the legal significance of those purported facts. |
| Page 2, ftn 3 | Spirit disputes that its expert affidavits do not comply with Rule 26. |
| Page 2-3 | Spirit disagrees with Northwest's attack on Ms. Moreland's Affidavit and Northwest's characterization of its fares. |
| Page 3 | Spirit disputes Northwest's reliance on the Affidavit of Anne Kolodziej of ATPCO, who Northwest never disclosed as a witness in interrogatory answers or its witness list for trial. |
| Page 3, ftn 6 | Spirit disputes the significance of *Jones v. General Motors Corp.* and *Stubl v. T.A. Sys., Inc.* to this case. |
| Page 4 | Spirit disputes the significance of *Anderson v. Liberty Lobby* and *United States v. Murphy* to this case. |
| Page 5, ftn 9 | Spirit disputes that this Court's assessment under the antitrust laws of Northwest's fares converts this Court into a regulatory agency. |

| | |
|---|---|
| Page 7-8 | Spirit disputes that Northwest was not on notice of Spirit's position, set forth in expert reports and affidavits, that Northwest underpriced Spirit's fares. |
| Page 12 | Spirit disputes that the bimodal fare structure supporting Spirit's price-sensitive/price-insensitive market distinction is a fallacy. |
| Page 12-13 | Spirit disputes the insulting argument that Professor Elzinga's "price-sensitive passenger market" is an invention of the lawyers. |
| Page 15, ftn 24 | Spirit disputes Northwest's assertion that the testimony and documents produced in this case regarding Northwest's intentions and motivations are irrelevant. |
| Page 15, ftn 24 | Spirit disputes the significance of *A.A. Poultry Farms, Inc. v. Rose Acre Farms, Inc.* to this case. |

Spirit will submit a surreply of no more than 7 pages addressing Northwest's new arguments should the Court direct us to do so before the hearing.

Respectfully submitted,

JAFFE, RAITT, HEUER & WEISS, PC
R. Christopher Cataldo, Esq. (P39353)
One Woodward Avenue
Suite 2400
Detroit, Michigan 48226
Tel:   (313) 961-8380

-- and --

STINSON MORRISON HECKER, LLP
David Everson, Esq.
Brian O'Bleness, Esq.
1201 Walnut
Suite 2800
Kansas City, MO  64106
Tel:    (816) 842-8600
– and –

KENNY NACHWALTER SEYMOUR
ARNOLD CRITCHLOW & SPECTOR, P.A.
Richard Alan Arnold, Esq.
William J. Blechman, Esq.
201 South Biscayne Blvd.
Suite 1100
Miami, Florida 33131
Tel:    (305) 373-1000

By: _____
      William J. Blechman

## Certificate Of Service

I certify that a true and correct copy of this document was served by US Mail and Facsimile this October 16, 2002 on the following:

James Denvir, Esquire
Alfred Levitt, Esquire
BOIES SCHILLER & FLEXNER, L.L.P.
5301 Wisconsin Avenue, N.W.
Suite 570
Washington, D.C.  20015

Lawrence Campbell, Esquire
DICKINSON WRIGHT, PLLC
500 Woodward Avenue
Suite 4000
Detroit, Michigan  48226

_____
William Blechman

/151045